**Mei Zi XEA, a.k.a. Mei Zi Xue; a.k.a.
Mei Zai Xue, Petitioner,**

v.

**John ASHCROFT, Attorney
General Respondent.**

No. 00–70694.
I & NS No. A76–280–159.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2001 \*.

Decided June 15, 2001.

---

\* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States.

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. 34(a)(2).

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LAY **, and TROTT and BERZON, Circuit Judges.

## MEMORANDUM ***

We find insufficient evidence in the record to support the Board of Immigration Appeal's ("BIA's") decision denying Mei Zi Xea's application for asylum and therefore reverse. As the parties are familiar with the factual and procedural history of this case, we do not recount them here.

1. Where the BIA conducts an independent review of the Immigration Judge's ("IJ's") findings and determines that an applicant has not established eligibility for asylum, this Court reviews under the substantial evidence standard the BIA's decision and not the decision of the IJ. *Sidhu v. INS*, 220 F.3d 1085, 1088 (9th Cir.2000); *Rivera–Moreno v. INS*, 213 F.3d 481, 485 (9th Cir.2000). Here, the BIA relied on different reasons for its credibility deter-

mination than those pointed to by the IJ, so it is the BIA's decision that we are reviewing. If the BIA's decision is supported by reasonable, substantial, and probative evidence in the record considered as a whole, it must be upheld. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

2. Substantial evidence in the record supports the BIA's decision that Ms. Xea did not prove that she—as opposed to her spouse—was subjected to coercive family planning policies. Government officials never detained her, nor did they force her to have an abortion. Although Ms. Xea contends that she was assessed a series of fines to register her children, the fines do not rise to the level of persecution for which asylum may be granted. *See, e.g., Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir.1991).

3. The BIA has determined that an applicant establishes eligibility for asylum if she can demonstrate her spouse was forcibly sterilized. *Matter of C–Y–Z*, 21 I & N Dec. 915 (BIA 1997). Ms. Xea made this allegation at her asylum hearing, supported by her testimony and documentary evidence.

The BIA, however, rejected Ms. Xea's claim because, first, it doubted whether her husband was *forcibly* sterilized, suggesting that he may have voluntarily undergone the procedure. The BIA noted cultural preferences for male offspring in China and Ms. Xea's own expression of pride at having a son. It then reasoned that, having finally achieved a male heir after three daughters, Ms. Xea's husband might have submitted voluntarily to a sterilization procedure in order to

---

** The Honorable Donald W. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

satisfy Chinese family planning officials. This reasoning, however, is fundamentally flawed. Ms. Xea alleged, and the documentary evidence would support, that her husband was sterilized four months *before* her son's birth. There is no evidence suggesting he had knowledge of the child's sex at the time of the procedure, and Ms. Xea testified that she did not know the child's sex before his birth. We therefore reject this reason as a basis for doubting Ms. Xea's claim that her husband was forcibly sterilized.

4. The BIA further questioned in passing whether Ms. Xea's husband was sterilized at all. It doubted the validity of the "sterilization certificate," noting that the State Department Report on current conditions in China discredited "abortion certificates" as evidence of forcible, as opposed to voluntary, abortion and contained no indication that similar certificates of sterilization existed. The absence of a reference in the State Department Report is hardly sufficient evidence to indicate the document is fabricated. Furthermore, the Certificate of Marriage, Birth and Family Planning Ms. Xea offered at her hearing is not similar to the questionable "abortion certificates" impugned by the State Department Report. We therefore find the BIA's basis for discrediting the document unjustified and thus not a sufficient basis for doubting Ms. Xea's claims.

5. For the foregoing reasons, we find that the BIA's reasoning for denying Ms. Xea eligibility for asylum patently inadequate. Consequently, we REVERSE its decision and REMAND for proceedings consistent with this decision.